UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CORRETTA YOUNG, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-cv-1373 (TSC) |
| KATHLEEN KERRIGAN,[1] | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff Corretta Young has sued the Chief Judge of the United States Tax Court for wrongful termination. Defendant has moved to dismiss for lack of subject-matter jurisdiction and for summary judgment, ECF No. 74. For the following reasons, Defendant's motion to dismiss will be GRANTED and the corresponding motion for summary judgment will be DENIED.

### I. BACKGROUND

On October 14, 2020, the court dismissed all of Plaintiff's claims save a Title VII race discrimination claim. *See* Mem. Op. and Order, ECF No. 23 (Mem. Op. 1). Plaintiff's work history and the circumstances surrounding her termination are set out in the prior Opinion. *See id*. at 1-2. Basically, less than two months into her probationary employment as a Petitions Clerk, Plaintiff was fired on January 23, 2015, for filing late "Federal income tax returns for 2011, 2012, or 2013" and failing to "fully" pay federal

---

[1]  By substitution pursuant to Fed. R. Civ. P. 25(d).

1

income taxes "for 2010, 2011, or 2012." *Id*. at 1-2.  This court found the circumstances surrounding Plaintiff's termination to be in genuine dispute and denied Defendant's motion to dismiss the race discrimination claim. *Id*. at 7.  All other claims alleging retaliation, age discrimination, disability discrimination, and constitutional violations were dismissed.  *See id*. at 7-12.  On March 1, 2023, Plaintiff, through appointed counsel, filed a two-count amended complaint asserting race and sex discrimination claims under Title VII.  Pl.'s First Am. Compl., ECF No. 55-1 at 8-11.

On September 27, 2024, after the close of discovery, Defendant filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and for summary judgment under Rule 56.  Def.'s Mot., ECF No. 74.  Plaintiff, through appointed counsel, opposes the motion, Pl.'s Opp'n, ECF No. 77, and Defendant has filed a reply, ECF No. 78.

## II.  LEGAL STANDARD

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, 565 U.S. 134,141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).  Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim.  *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514

2

(2006)). When, as here, "a federal court concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).

### III.  ANALYSIS

Defendant argues that the court lacks subject-matter jurisdiction because the Tax Court is not subject to suit under Title VII. *See* Def.'s Mem., ECF No. 74 at 12-13. The court agrees.

"Federal district courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The United States and U.S. officials sued in their official capacity are immune from suit save "clear congressional consent." *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984) (confirming immunity for government employees acting in their official

capacity).  Judicial defendants "are part of the United States government for the purposes of sovereign immunity[.]" *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015).  "Statutory rights and obligations are established by Congress, and it is entirely appropriate for Congress, in creating these rights and obligations, to determine in addition, who may enforce them and in what manner." *Davis v. Passman*, 442 U.S. 228, 241 (1979).  Subject-matter jurisdiction "is an Art. III as well as a statutory requirement," which "functions as a restriction on federal power, and contributes to the characterization of the federal sovereign."  Thus, a "claim barred by sovereign immunity lacks subject matter jurisdiction and may be dismissed under a 12(b)(1) motion." *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

     Title VII applies in relevant part to "executive agencies as defined in" 5 U.S.C. § 105, namely "an Executive department, a Government corporation, and an independent establishment," *id*., and "those units of the judicial branch of the Federal Government having positions in the competitive service," 42 U.S.C. § 2000e–16(a)).  Plaintiff's argument that the Tax Court is an independent establishment subject to suit under Title VII, *see* Opp'n at 19-24, is unavailing.[2]  Moreover, "employees of the judicial branch . . . do not generally qualify as competitive service employees," *Frost v. United States*,

---

[2] Plaintiff parses language from *Kuretski v. C.I.R.*, 755 F.3d 929 (D.C. Cir. 2014) and *Crim v. Commissioner of Internal Revenue*, 66 F.4th 999 (D.C. Cir. 2023).  Because those cases analyze the constitutional separation-of-powers doctrine in the context of the President's statutory authority to remove Tax Court judges, 28 U.S.C. § 7443(f), they do not inform this court's sovereign immunity analysis.

115 Fed.Cl. 252, 256 (2014) (citing cases), and Tax Court probationary employees are no exception.  *See* Def.'s Mot., Ex. D (letter confirming Plaintiff's acceptance of contingent offer for "Excepted Service, at-will position").

In 1969, Congress "establish[ed] the Tax Court as a court under Article I of the Constitution," conferring "the same powers regarding contempt, and the carrying out of its writs, orders, etc., that Congress has previously given to the District Courts."  S. Rep. No. 91-552, at 302; *reprinted in* 1969 U.S.C.C.A.N. 2027, 2037 ¶ 33, 2343.  In doing so, Congress departed "from the prior language describing the Tax Court as an executive agency . . . to emphasize the Tax Court's independence as a 'court' reviewing the actions of the IRS," *Kuretski v. C.I.R.*, 755 F.3d 929, 944 (D.C. Cir. 2014), and "perhaps" to exempt it "from statutes that apply solely to executive 'agencies'," *id*. (citation omitted).  Congress has since clarified that  the "Tax Court is not an agency of, and shall be independent of, the executive branch of the Government."  26 U.S.C. § 7441 (2015); *see Freytag v. C.I.R.*, 501 U.S. 868, 890-91 (1991) ("The Tax Court exercises judicial power to the exclusion of any other function" and "remains independent of the Executive and Legislative Branches") and *Battat v. Commissioner of Internal Revenue*, 148 T.C. 32, 50 (U.S. Tax Ct. 2017) ("[I]t appears that in 2015 Congress emphasized the Supreme Court's characterization of the Tax Court in *Freytag* and Congress' own characterization of the Tax Court in the legislative history of the 1969 Act as independent of the executive branch."); *id*. at 48 (noting, for example, that the Tax Court "is not subject to the Freedom of Information Act, which by its terms does not apply to 'the courts of the United States'.") (citations omitted)).  The Tax Court has observed that by deleting from the 1969 Act its "designation . . . as an

5

'independent agency *in the Executive Branch of the Government*', . . . Congress intended to terminate the Tax Court's previously well-understood placement in the executive branch." *Battat*, 148 T.C. at 38-39 (emphasis added).  And "Congress says what it means and means what it says." *Banks v. Booth*, 3 F.4th 445, 449, 453  (D.C. Cir. 2021).  Thus, this court "presume[s] that Congress knew what it was doing and meant for the [deleted text] to have significance." *Federal Express Corporation v. United States Department of Commerce*, 39 F.4th 756, 768 (D.C. Cir. 2022).

Tellingly, the Tax Court is empowered to appoint "necessary employees without regard to the provisions of [T]itle 5 . . . governing appointments in the competitive service" who are "subject to removal by the Tax Court." 26 U.S.C. § 7471(a)(3).  The Court "shall" to "the maximum extent feasible . . . compensate employees at rates consistent with those of employees holding comparable positions" in Article III courts. *Id*., § 7471(a)(4).  It also "shall (A) prohibit discrimination on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition; and (B) promulgate [its own] procedures for resolving complaints of discrimination by employees and applicants for employment." *Id*., § 7471(a)(6).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be GRANTED and its motion for summary judgment will be DENIED.  A corresponding order will issue separately.

Date:  August 11, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

6